**Norman Alvin EDSTROM,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Orville Pung,
Commissioner, Department of
Corrections, Respondent.**

**No. C8-85-881.**

Supreme Court of Minnesota.

May 5, 1986.

### ORDER

AMDAHL, Chief Justice.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Norman Alvin Edstrom for further *review be,* and the same *is, granted.* No briefing is required and the matter will be considered by the court on the nonoral calendar.

**Roy TAMMI, Respondent,**

v.

**CONTINENTAL INSURANCE
COMPANY, Appellant.**

**No. CO-85-2379.**

Court of Appeals of Minnesota.

May 13, 1986.

Mark A. Munger, MacDonald, Munger & Downs, Duluth, for respondent.

Frederick Dudderar, Jr., Hanft, Fride, O'Brien, Haries, Swelbar & Burns, Duluth, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

### MEMORANDUM OPINION

WOZNIAK, Judge.

In December 1985, the trial court, upon motion by Roy Tammi, vacated a summary judgment based upon Minn.R.Civ.P. 60.02. The trial court stated that it erred in granting summary judgment due to a misconception of the law or the mistake or neglect of Tammi's counsel. The trial court noted that, had it been aware of *Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.,* 354 N.W.2d 111 (Minn.Ct.App.1984), it would not have granted summary judgment.

After Continental Insurance Co. filed this appeal, the supreme court released *Henning Nelson Construction Co. v. Fireman's Fund American Life Insurance Co.,* 383 N.W.2d 645 (Minn.1986). Footnote 6 of that opinion indicates that *Loram* is not applicable to this case.

### DECISION

With *Loram* no longer having any precedential impact on this case, it is clear that the prior summary judgment of the trial court was correct. Therefore, we reverse the trial court and reinstate the summary judgment.

Reversed.